**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**PAUL G. WRIGHT and**
**THERESA WRIGHT, et al.,**

**Plaintiffs,**

**-v-** **11-CV-140S(Sr)**

**CHARLES GALLAGHER, et al.,**

**Defendants.**

---

## DECISION AND ORDER

*Pro se* plaintiffs Paul Wright and Theresa Wright commenced this action on behalf of the themselves and their minor children in February 2011 alleging various statutory and constitutional violations against 58 defendants. Dkt. #1. In a January 30, 2012 Decision and Order, Chief United States District Judge William M. Skretny granted the motion of 48 defendants dismissing them from the action. Dkt. #125. In a subsequent Decision and Order dated October 8, 2012, Chief Judge Skretny dismissed three additional defendants from the action. Dkt. #135. Following these decisions, the following seven defendants remain, Charles Gallagher, Annmarie Albanese, Christopher Anderson, James Brown, Phil Pawlowski, Yvonne Rychcik and Emil Cappelli.

In addition to the foregoing, Chief Judge Skretny's January 30, 2012 Decision and Order dismissed without prejudice any claims involving the Wright children because plaintiffs, Paul Wright and Theresa Wright, are barred from vindicating

their children's right without an attorney. However, the Court did grant the Wrights permission to re-plead those claims in the event they secure attorney representation. Dkt. #125, p.2. In a Text Order issued on May 14, 2014, this Court granted plaintiff Theresa Wright's motion (Dkt. #142) to proceed *in forma pauperis*. Dkt. #149.

Currently before the Court is plaintiff, Theresa Wright's motion for appointment of counsel. Dkt. #141. Plaintiff's motion consists of a single-page form "Application for Appointment of Counsel" and one and a half handwritten pages. In support of her motion, plaintiff states that she cannot afford counsel and the fee and expenses to live. Dkt. #141, p.1. In her handwritten supplement, plaintiff describes that she has called the Lawyers Referral Line for several years and has been unable to find an attorney who was willing to take on the case. *Id*. at pp.2-3.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must not allocate *pro bono* resources "arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant," but should instead distribute this resource "with reference to public benefit." *Id.* Moreover, the Court must consider the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

This action is in its early stages. A more fully developed record will be necessary before the Court can determine whether plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's motion is denied without

prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated. See *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).

**SO ORDERED.**

DATED: Buffalo, New York
May 15, 2014

***s/ H. Kenneth Schroeder, Jr.***
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**