UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL G. WRIGHT and THERESA WRIGHT,
and their minor children E.W, M.W., N.W., and R.W.,

        Plaintiffs,

v.

HON. MARGARET O. SZCZUR, et al.,

        Defendants.

**DECISION AND ORDER**
11-CV-140S

1. *Pro se* Plaintiffs Paul and Theresa Wright commenced this action on behalf of themselves and their minor children on February 15, 2011, alleging various statutory and constitutional violations against 58 defendants. In a January 30, 2012 Decision and Order, the Court, upon motions, dismissed 48 of these defendants from the action. (Docket No. 125.) Three additional defendants were dismissed by the Decision and Order of this Court dated October 8, 2012. (Docket No. 135.) Following those decisions, Plaintiffs were permitted to proceed to the extent that they were alleging the individual Erie County Defendants[1] improperly procured a warrant and illegally removed Plaintiffs' children from their custody in violation of their procedural and substantive due process rights. (Docket No. 125 at 12-13 (concluding that allegations of wrongdoing committed prior to the state family court proceeding were not precluded by the *Rooker-Feldman* doctrine).) Presently before this Court is the motion of these Defendants for summary judgment dismissing the amended complaint.

---

[1] The individual Erie County Defendants remaining are: Charles Gallagher, Annmarie Albanese, Christopher Anderson, James Brown, Phil Pawlowski, Yvonne Rychlik (improperly listed in the caption as "Rychcik"), and Emil Cappelli.

2.     "A motion for summary judgment may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." Kaytor v. Elec. Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A court must also "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).

3.     Further, "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.' " Triestman v. Federal Bur. of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)(emphasis in original) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)).  "A *pro se* plaintiff, however, cannot defeat a motion for summary judgment by simply relying on the allegations of his complaint; he must present admissible evidence from which a reasonable jury could find in his favor." Belpasso v. Port Auth. of New York & New Jersey, 400 F. App'x 600, 601 (2d Cir. 2010); see Champion v. Artuz, 76 F.3d 483, 485 (2d Cir. 1996) (summary judgment properly entered against *pro se* plaintiff who failed to oppose motion with admissible evidence after receiving plainly worded warning of the consequences of such failure); see Docket No. 163-1 (Rule 56 *Pro Se* Notice).

4.     Plaintiffs' remaining cause of action seeks relief pursuant to 42 U.S.C. § 1983 for the alleged due process violations.  Liability under § 1983 may be imposed only for an actor's personal involvement in a constitutional tort, and may not be imposed under a theory of vicarious liability.  See Hayut v. State Univ. of N.Y., 352 F.3d 733, 753 (2d Cir.

2003); see also Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 122 (2d Cir. 2004). As such, Defendants argue that any claim must be dismissed as against Defendants Capelli, Rychlik, and Pawlowski, as these Defendants were not involved in the initial investigation and petition for removal of the children. (Docket No. 163-21 at 3-4.) Defendants further argue that there is no evidence to support the conclusion that the process by which the children were temporarily removed from Plaintiffs' home failed to comport with the requirements of procedural or substantive due process. (Id. at 4-7.)

5. In opposition, Plaintiffs assert that "[t]he family court case has no bearing on this matter," but instead the issue is only the "flawed warrant petition [that] was submitted to family court to obtain a warrant that was used to seize the four minor Wright children." (Docket No. 165 ¶¶ 2-3.) Notably, this claim was previously permitted to go forward because, despite being pled in a conclusory fashion, "[p]erjury by [a children services] caseworker to effectuate an otherwise improper removal may constitute a violation of procedural due process." Green ex rel. T.C. v. Mattingly, No. 07-CV-1790 ENV CLP, 2010 WL 3824119, at *9 (E.D.N.Y. Sept. 23, 2010); (see Docket No. 125 at 13, 15.) However, little clarity is provided by Plaintiffs' opposition to Defendants' summary judgment motion. The only specific false statement referenced is Defendant Albanese's alleged admission in family court that "portions of their warrant petition using the word 'respondents' plural, with an 's' did not apply to Mr. Wright." (Docket No. 165 ¶ 2.) Thus, by Plaintiffs' own admission, the misuse of "respondents," even if material, was exposed and explored during the family court proceedings. This misuse therefore cannot be said to have unfairly undermined the court's decision such that the proceedings were constitutionally deficient. Further, although Plaintiffs also reference Defendant Gallagher in their opposition, they do

not specify what the false statements were that he allegedly made "in family court." (Docket No. 165 ¶ 3.) Accordingly, this Court concludes that Plaintiffs have failed to raise a triable issue of material fact warranting denial of Defendants' summary judgment motion.

IT HEREBY IS ORDERED that the summary judgment motion of the remaining Defendants (Docket No. 163) is GRANTED and the Amended Complaint is dismissed;

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: November 21, 2015
       Buffalo, New York

                                                  /s/William M. Skretny
                                                 WILLIAM M. SKRETNY
                                                 United States District Judge